# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **HEATHERWOOD HOLDINGS, L.L.C.,** ) | |
| ) | |
|     **Appellant,** ) | |
| ) | |
| vs. ) | **Civil Action No. CV-11-S-2902-S** |
| ) | |
| **HGC, INC.,** ) | |
| ) | |
|     **Appellee.** ) | |
| ) | |
| | |
| **FIRST COMMERCIAL BANK,** ) | |
| ) | |
|     **Appellant,** ) | |
| ) | |
| vs. ) | **Civil Action No. CV-11-S-2903-S** |
| ) | |
| **HGC, INC.,** ) | |
| ) | |
|     **Appellee.** ) | |

## MEMORANDUM OPINION AND ORDER

These consolidated matters are before the court on the appeals filed by Heatherwood Holdings, L.L.C., and First Commercial Bank, respectively, from a final amended judgment entered by the United States Bankruptcy Court for the Northern District of Alabama on August 10, 2011.[1] Appellants contest the bankruptcy court's conclusion that the real property at issue in this case is subject to an implied

---

[1] *See* doc. nos. 1-10 and 1-11. This court consolidated the two appeals in an order entered on Nov. 30, 2011. *See* doc. no. 14 in case no. 2:11-cv-02902-CLS; doc. no. 13 in case no. 2:11-cv-02903-CLS.

restrictive covenant that restricts the property to use as a golf course.[2]  Jurisdiction over the appeal is proper pursuant to 28 U.S.C. § 158(a).

A district court assumes the role of an appellate court when reviewing the decision of a bankruptcy court.  *See* 28 U.S.C. § 158(a).  A bankruptcy court's findings of fact must be upheld on appeal, unless determined to be clearly erroneous. *See* Bankr. R. 8013; *In re Downtown Properties, Ltd.,* 794 F.2d. 647, 651 (11th Cir. 1986).  A bankruptcy court's finding of fact is deemed to be clearly erroneous when, even though there is evidence in the record to support the finding, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum,* 333 U.S. 364, 395 (1948).  On the other hand, a bankruptcy court's conclusions of law are reviewed under a *de novo* standard of review.  *See In re Kalter*, 292 F.3d 1350, 1352 (11th Cir. 2002).

Applying the foregoing standards, and following a careful consideration of the entire record in this case, the cases relied upon by the bankruptcy court, and the parties' briefs, this court concurs with the bankruptcy's court's final amended judgment.  Accordingly, the judgment is affirmed.  The costs of these proceedings are taxed to the appellants.  The Clerk is directed to close both of the files referenced in

---

[2] *See* doc. no. 1-9 (Amended Memorandum Opinion), at 65.  The concept of an implied restrictive covenant is referred to in Alabama appellate decisions by various terms, including "restrictive covenant by implication," "reciprocal negative easement," or "implied servitude." *See*, *e.g.*, *Collins v. Rodgers*, 938 So. 2d 379, 385 (Ala. 2006).

the caption.

    DONE and ORDERED this 24th day of October, 2012.

                                             /s/ Lynwood Smith
                                            United States District Judge